OCT 14 '25 AM10:52
RCVD - USDC FLO SC

| | |
|---|---|
| James R. Watson, Jr.<br><br>102 Magnolia Dr.<br><br>Florence, SC 29506<br><br>Plaintiff,<br><br>v.<br><br>Florence County, South Carolina, and<br><br>Doris Poulos O'Hara, in her official capacity as Clerk of Court for Florence County,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF SOUTH CAROLINA<br><br>FLORENCE DIVISION<br><br>Case No.: _____<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>(42 U.S.C. § 1983 – Due Process, Equal Protection, Policy/Custom)<br><br>Jury Trial Demanded |

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, to redress deprivations of Plaintiff's rights secured by the Fourteenth Amendment.

2. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to the claim occurred in Florence County, South Carolina.

II. PARTIES

4. Plaintiff James R. Watson, Jr. is a resident of Florence County, South Carolina. He is the judgment creditor in Florence County Magistrate Court Case No. 2023CV2110100626, arising from a bad check written by Henry S. Welch.

5. Defendant Florence County is a governmental entity organized under South Carolina law, responsible for the operation and oversight of the Florence County Clerk of Court and related judicial administrative functions.

6.    Defendant Doris Poulos O'Hara, in her official capacity as Clerk of Court, is responsible for maintaining court records, issuing writs, processing judgment updates, and facilitating enforcement of judgments in Florence County.

III. FACTUAL ALLEGATIONS

7.    On July 13, 2023, Plaintiff obtained a final default judgment in Florence County Magistrate Court, Case No. 2023CV2110100626, against Henry S. Welch, in the amount of $315.00, arising from a dishonored check.

8.    Plaintiff then transferred the judgment to the Florence County Court of Common Pleas (Case No. 2023CP2101574) to pursue post-judgment enforcement, including writ of execution, as required under South Carolina law.

9.    Under S.C. Code § 34-31-20(B), post-judgment interest accrues automatically from the date of entry until paid. By May 2025, interest had accrued for nearly two years, but the judgment amount was never updated in the Common Pleas system.

A. Denial of Access to Court Based on Income

10.   Between May 13 and June 27, 2025, Plaintiff was denied access to the Common Pleas Court based explicitly on his inability to pay filing fees.

11.   Plaintiff had submitted financial hardship information and sought in forma pauperis status, but the presiding judge denied or withheld access, blocking enforcement actions during this period.

12.   That same judge subsequently recused himself from the case.

13.   This six-week denial period caused direct delays in enforcing Plaintiff's valid judgment and allowed further interest to accrue unpaid.

B. August 26, 2025: Moot Ruling and Failed Writ

14.   On August 26, 2025, Plaintiff finally appeared before a judge in Common Pleas Court. He raised the issue of adding accrued interest to his judgment.

15.   The judge ruled the motion "moot", claiming that because the original amount had not been "properly executed," interest could not be added. This was legally incorrect under S.C. Code § 34-31-20(B).

16.   The judge instructed Plaintiff to file a new writ of execution, which Plaintiff did the same day.

17.   The writ returned "no vehicle, no property", and Defendant Welch failed to appear for the second time in connection with this judgment.

C. Bank Levy Denied to Civil Litigants

18. Plaintiff then attempted to levy the defendant's bank account, as authorized under South Carolina law (S.C. Code § 15-39-30).

19. Officials in the Florence County civil department informed Plaintiff that "civil cases do not offer bank levies", even though criminal restitution, family court, and child support routinely use bank levies in the same courthouse.

20. This selective denial of lawful enforcement mechanisms is a policy or practice of Florence County that deprives civil judgment creditors of tools afforded to others, enabling judgment debtors to ignore civil obligations.

D. Missing Court Records

21. When Plaintiff returned to Magistrate Court to retrieve the original judgment file, the records could not be found. Court personnel informed him that the file was missing.

22. The disappearance of the file occurred after two years of enforcement delays and directly impairs Plaintiff's ability to enforce his judgment or update it with interest.

E. October 10, 2025: Jurisdictional Ping-Pong

23. On October 10, 2025, Plaintiff contacted the Common Pleas civil department to update his judgment. He was told there was nothing they could do because the judgment originated in Magistrate Court.

24. Plaintiff then called Magistrate Court and spoke with Wanda, who confirmed that the judgment is final and any updates must now take place in Common Pleas Court since the case was transferred.

25. This jurisdictional ping-pong has resulted in neither court accepting responsibility for updating the judgment, leaving Plaintiff in legal limbo.

26. When Plaintiff sought help as a pro se litigant, he was repeatedly told to "get an attorney," even though attorneys routinely accomplish the same ministerial actions with no difficulty.

27. This two-court stalemate denies Plaintiff meaningful access to the courts and discriminates against him because of his pro se status, effectively creating a "lawyer-only" enforcement system.

IV. CLAIMS FOR RELIEF

Count I – Denial of Procedural Due Process

(42 U.S.C. § 1983 – Fourteenth Amendment)

28.  Plaintiff realleges paragraphs 1-27.

29.  Defendants' actions and policies, including denial of interest updates, missing records, refusal to process levies, and jurisdictional stalemate, deprived Plaintiff of protected property interests (his judgment and accrued interest) without due process of law.

Count II – Denial of Equal Protection

(42 U.S.C. § 1983 – Fourteenth Amendment)

30.  Plaintiff realleges paragraphs 1-27.

31.  Defendants selectively deny civil litigants enforcement tools routinely available to other divisions (e.g., bank levies for criminal restitution, child support).

32.  Defendants also impose greater burdens on pro se litigants than on represented parties. These policies have no rational basis and constitute unlawful discrimination.

Count III – Policy or Custom Claim Against Florence County

(Monell v. Department of Social Services, 436 U.S. 658 (1978))

33.  Plaintiff realleges paragraphs 1-27.

34.  Florence County has maintained a policy, custom, or practice of failing to provide meaningful enforcement for civil judgments, denying pro se litigants equal access, refusing to process bank levies, and failing to coordinate between Magistrate and Common Pleas Courts.

35.  These policies directly caused the violations of Plaintiff's constitutional rights.

V. PRAYER FOR RELIEF (UPDATED)

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants' policies and practices violate the Fourteenth Amendment;

b. Enjoin Defendants to implement lawful, uniform civil judgment enforcement procedures (including bank levies and interest updates) for all litigants, including pro se creditors;

c. Award compensatory damages for lost interest, administrative costs, lost income, and pain and suffering, in the following amounts:

| Category | Amount |
| --- | --- |
| Judgment, Interest & Fees | $512.45 |
| Additional Court Fees | $160.00 |

| | |
|---|---|
| Lost Income (Jan–May 2023 × 5 months) | $10,840.00 |
| Lost Income (Jul–Oct 2025 × 4 months) | $14,692.00 |
| Pain & Suffering (Jan 2023–Oct 2025) | $16,500.00 |
| Total Requested Relief | $42,704.45 |

d. Award punitive damages to deter similar conduct by Defendants in the future;

e. Award costs and fees under 42 U.S.C. § 1988; and

f. Grant such other relief as the Court deems just and proper.

VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ James R. Watson, Jr.

10/13/25

James R. Watson, Jr.

102 Magnolia Dr.

Florence, SC 29506

(843) 687-1264

jwattslive@gmail.com

Pro Se Plaintiff

Date: October 13, 2025