UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Watson, Jr.,<br>                    Plaintiff,<br>vs.<br>Florence County, South Carolina,<br>Doris Poulos O'Hara,<br>                    Defendants. | C/A: 4:25-12967-SAL-TER<br><br>Report and Recommendation |

This is a civil action filed by a *pro se* litigant, proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

The requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

There have been at least three lawsuits in this court regarding Plaintiff's state court actions, which is bordering on frivolity. Plaintiff sues a state court clerk of court and a county. (ECF No. 1). Plaintiff alleges these Defendants are responsible for operation and oversight of judicial administrative functions. (ECF No. 1 at 1). Plaintiff takes issue with an uncollected state court judgment from 2023. Plaintiff alleges he is being denied enforcement of judgments. Plaintiff requests monetary damages and injunctive relief of enforcement of state court judgments. (ECF No. 1 at 4). Public records show an order from the state court dated August 26, 2025, which stated the order ended the case.

As Plaintiff has been informed previously, as to Defendant O'Hara, "a court clerk is generally entitled to quasi-judicial immunity" for tasks he or she undertook as part of the judicial process. *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012). As a result, Plaintiff cannot recover monetary damages or obtain other relief from Defendants. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Further, this federal district court does not hold appellate jurisdiction over orders from state court. The *Rooker-Feldman* doctrine bars Plaintiff's attempt to challenge any state court orders. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To the extent Plaintiff claims any injury caused by errors in state

court proceedings, any such state court ruling cannot be reviewed or set aside and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462.

As to the county, to the extent Plaintiff seeks monetary damages, "[c]ount[ies] ... [are] protected by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court." *Blakely v. Mayor of Greenville Cty.*, No. 6:12-02587-MGL, 2012 WL 6675095, at *2 (D.S.C. Sept. 25, 2012), *report and recommendation adopted*, 2012 WL 6675093 (D.S.C. Dec. 21, 2012)(citing *Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890)).

This action as a whole is subject to summary dismissal.

Further, Plaintiff is put on notice in the future, the court may consider enacting a prefiling injunction order against Plaintiff if he continues to file repetitive actions regarding the same state court action for which he fails to state a claim upon which relief can be granted.

### RECOMMENDATION

It is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process*. It is also recommended that any pending motions be deemed moot.

October 17, 2025  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).