IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., | C/A No. 4:25-cv-12967-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Florence County, South Carolina, Doris Poulos O'Hara, | |
| Defendants. | |

This case arises out of a Plaintiff's ongoing attempts to collect a $315 judgment in state court. He has already filed a substantially similar case in this court asserting the same allegations against Defendant O'Hara and a state court judge. *See Watson v. O'Hara*, 4:25-cv-11694-SAL. That case was summarily dismissed today.

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 15.] In the Report, the magistrate judge recommends summarily dismissing this action because the defendants are immune from suit and because abstention principles apply. *Id.* at 2–3. Plaintiff objects to this recommendation. *See* ECF No. 18. For the reasons below, the court adopts the Report and summarily dismisses the case.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any

1

party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report outlines the relevant facts and standards of law. [ECF No. 15.] This court incorporates those facts and standards without a full recitation. In sum, Plaintiff is suing a state

court clerk of court and Florence County for failing to enforce a judgment—a $315 judgment he obtained in magistrate's court in 2023 against Henry Welch. *See* ECF No. 1. Plaintiff claims the county has a policy of refusing to process bank levies for civil judgments, and he claims this policy violates his constitutional rights. *Id.* He asks this court to declare such policies and practices unconstitutional under the Fourteenth Amendment, to require state courts "to implement lawful, uniform civil judgment enforcement procedures (including bank levies and interest updates) for all litigants, including pro se creditors[,]" and to award him monetary damages. *Id.* at 4.

The magistrate judge recommends summary dismissal. First, the magistrate judge notes that Defendant O'Hara is entitled to quasi-judicial immunity. [ECF No. 15 at 2.] The magistrate judge further explains that this court does not have appellate jurisdiction over orders from state court, and the *Rooker-Feldman* doctrine bars Plaintiff's attempt to challenge any state court orders. *Id.* at 2–3. Finally, the magistrate judge explains that Florence County is entitled to Eleventh Amendment immunity. *Id.* at 3.

Plaintiff's complaint arises out of his dissatisfaction with the state court process for enforcing his civil judgment.[1] But the court gathers from Plaintiff's filings and from the state court docket that Plaintiff has not followed the state's procedure for enforcing his judgment in state court. And he has now come to this court to ask this court to intervene. For the reasons discussed here, that is not proper, and this case must be dismissed.

---

[1] Plaintiff claims he is being treated differently because he is pro se. But it appears he is not following the correct procedures for enforcing his judgment, and since state court staff cannot give him legal advice, they have recommended he get an attorney to help him. *See* ECF No. 1 at 3 ("When Plaintiff sought help as a pro se litigant, he was repeatedly told to 'get an attorney,' even though attorneys routinely accomplish the same ministerial actions with no difficulty."). This is not the basis for a constitutional claim.

3

I.    **Plaintiff's State Court Action**

The court takes judicial notice of the state court docket in *Watson v. Welch*. 2023-CP-21-01574, Florence County Twelfth Judicial Circuit Public Index, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (search Case # 2023CP2101574) (last accessed Nov. 7, 2025). According to the docket, Plaintiff obtained a writ of execution, which was returned Nulla Bona, after the Florence County Sheriff's Office was unable to locate property in Welch's name to levy. Plaintiff moved to authorize a bank levy on September 3, 2025, but he withdrew his motion on October 13, 2025, the day before he filed this action. The state court docket also reveals a pending petition for rule to show cause, through which Plaintiff seeks to compel Welch to appear and explain his failure to satisfy judgment. These filings indicate Plaintiff is actively pursuing state remedies to enforce his judgment. *See First Citizens Bank & Trust Co. v. Taylor*, 847 S.E.2d 249, 253 (S.C. Ct. App. 2020) (acknowledging "[t]here is clear authority to reach assets of a judgment debtor in the hands of a third party" but also "the supplementary proceedings [must meet] the statutory requirements governing the procedure to reach the assets" and "the supplementary proceeding [must provide] due process").

Accordingly, the record contradicts Plaintiff's claim that the state courts have denied enforcement of his judgment. Because his state court proceedings remain ongoing, his federal claims are premature.[2]

---

[2] To the extent Plaintiff asks this court to intervene in his ongoing attempt to enforce his state court civil judgment, the court cannot. *Younger* abstention, though generally applicable to criminal proceedings, also encompasses certain state civil proceedings that warrant federal court deference. Federal courts must apply *Younger* abstention when three essential elements are satisfied: (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding. *Emp'rs Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). The Supreme Court has specifically held that federal courts have the power to refrain from hearing cases that would interfere with certain types of state civil proceedings, including those that are akin to criminal

4

**II.     *Rooker-Feldman* Abstention**

Even liberally construing Plaintiff's allegations, the *Rooker-Feldman* doctrine bars this court from exercising jurisdiction. The doctrine prohibits United States District Courts "with the exception of habeas corpus actions, from sit[ting] in direct review of state court decisions." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). Although Plaintiff prevailed in obtaining a $315 judgment against Welch, he effectively seeks federal review of how the state court handled his post-judgment enforcement efforts. As explained, those proceedings remain ongoing, and any challenge to state court decisions or procedures must be pursued through the state appellate process, not through this court.

---

prosecutions or that implicate a state's interest in enforcing the orders and judgments of its courts. *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013).

The enforcement of civil judgments represents a core state judicial function that implicates important state interests. Federal courts have recognized that *Younger* abstention applies to state civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). This principle reflects the fundamental state interest in maintaining the integrity and effectiveness of its judicial system through proper enforcement mechanisms. When a party challenges a state court's process for enforcing civil judgments, such a challenge directly implicates the state's sovereign interest in ensuring that its judicial orders carry meaningful effect.

When *Younger* abstention applies, the federal court must dismiss the action entirely rather than merely staying the proceedings. *Younger* abstention "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006). Unlike other forms of abstention that permit federal courts to retain jurisdiction while staying proceedings, *Younger* abstention requires dismissal of the federal action when the relief being sought is equitable in nature. *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006). This mandatory dismissal ensures that state courts have the first opportunity to address challenges to their own enforcement procedures, thereby preserving principles of comity and federalism.

5

### III. Quasi-Judicial Immunity

As to Defendant O'Hara, the Report correctly explains that clerks of court may be entitled to quasi-judicial immunity, which arises out of the absolute immunity afforded to judges. The Fourth Circuit has explained that "court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016) (citing *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (holding that causes of action against clerks of court for negligent conduct impeding access to the courts cannot survive)). Plaintiff claims Defendant O'Hara's actions are ministerial or administrative in nature. But the record, including Plaintiff's own filings in his related case, shows that Defendant O'Hara acted pursuant to judicial direction. Moreover, Plaintiff voluntarily withdrew his motion for a bank levy, contradicting his claim that the clerk denied him such relief. *See Watson v. O'Hara*, 4:25-cv-11694, ECF No. 16 at 2.

### IV. Florence County

The Report also explains that the Eleventh Amendment bars Plaintiff's claims for monetary damages against Florence County. *See* ECF No. 15 at 3. In response, Plaintiff only offers that he is asking for injunctive relief from Florence County, not monetary damages. *See* ECF No. 18. However, as discussed above, the court lacks jurisdiction to grant such relief and finds no basis for it in any event. Accordingly, Florence County is dismissed.[3]

### CONCLUSION

For the reasons set forth above, the Report, ECF No. 15, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and

---

[3] As explained above, where Plaintiff's efforts to enforce his state court judgment are ongoing, the court should not intervene under *Younger*.

service of process. Because this case is subject to summary dismissal, Plaintiff's pending motions, ECF Nos. 9, 10, 20, are **DENIED**.

    **IT IS SO ORDERED.**

November 12, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge